FILED
2007 Mar-09  PM 03:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LUESTHER SKIPWITH; TYSON ANGEL, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) CV 06-B-1201-S |
| DR. PAUL PARKS; TENET HEALTHCARE CORPORATION; BROOKWOOD HEALTH SERVICES, INC.; BROOKWOOD MEDICAL CENTER, | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

On September 28, 2006, this court entered a Show Cause Order, ordering plaintiffs to show cause why their claims against Dr. Paul Parks should not be dismissed. (Doc. 7.) Plaintiffs responded:

Dr. Parks is not a defendant in [the] litigation pending before this Court.

Plaintiffs filed their original Complaint in the Circuit Court of Jefferson County Alabama. In that Complaint they alleged State Law causes of action against Dr. Paul Parks and alleged causes of action against the remaining defendants (the Tenet defendants). Those claims against the Tenet defendants were removed and were assigned to this Court. The attorney for the Tenet defendants then filed a Motion to require arbitration, and the plaintiffs did not oppose the same. This Court has already entered its Order referring that case to arbitration.

An Answer was filed by Dr. Paul Parks in the Circuit Court of Jefferson County Alabama. Dr. Parks has not filed a Notice of Removal, and those State Law claims alleged against Dr. Parks have been severed from the claims alleged against the Tenet defendants in the Circuit Court of Jefferson County Alabama.

> The **NOTICE OF REMOVAL TO FEDERAL COURT** which was filed in the Circuit Court of Jefferson County Alabama references that the defendants Tenet Healthcare Corporation, Brookwood Health Services, Inc. and Brookwood Medical Center sought removal. The defendant Dr. Paul Parks did not join in that Notice of Removal nor did he file a Notice of Removal himself.

(Doc. 8 at 1-2.)

Contrary to plaintiffs' assertions, cases may not be removed in pieces. While § 1441(c) allows the federal court to *remand* "separate and independent" claims, nothing allows for selective or partial removal. After the notice of removal is filed, "the State court shall proceed no further unless and until the *case* is remanded." 28 U.S.C. § 1446(d)(emphasis added); *see also Sobkowski v. Wyeth, Inc.*, 2004 WL 3569702, *1 n.1 (M.D. Fla. 2004)(quoting *Yarnevic v. Brink's Inc.*, 102 F.3d 753, 754 (4th Cir. 1996)("A proper filing of a notice of removal immediately strips the state court of its jurisdiction.")). "[E]ven if a case is later remanded, it is under the sole jurisdiction of the federal court from the time of filing until the court remands it back to state court. *In re Diet Drugs*, 282 F.3d 220, 232 n.6 (3d Cir. 2002)(citing *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1011 (9th Cir. 2000)).

Therefore, the state court has no jurisdiction over the plaintiffs' claims against Parks. Nevertheless, the court finds no reason to dismiss the claims against Parks for failure to prosecute, as plaintiffs represent that Parks has answered in the state court proceedings. Therefore, the court will remand the remaining claims against Parks to the Circuit Court of Jefferson County pursuant to 28 U.S.C. 1441(c).

An Order remanding plaintiffs' claims against Parks will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 9th day of March, 2007.

                                         _Sharon Lovelace Blackburn_
                                         SHARON LOVELACE BLACKBURN
                                         CHIEF UNITED STATES DISTRICT JUDGE